**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  scott@bursor.com
         ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK BROWN, on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION,<br><br>Defendant. | Case No.   5:16-cv-00264<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Malik Brown ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between August 2014 through December 2015, Defendant Comcast Corporation, ("Comcast" or "Defendant") or its agents called Mr. Brown's cellular telephone at least 27 times using an automatic telephone dialing system and/or artificial or prerecorded voice without his prior express written consent. The following log represents each of the 27 unlawful calls referenced above:

| Defendant's Phone Number | Time of Call |
| --- | --- |
| (800) 266-2278 | 08/08/2014 at 8:11 PM |
| (800) 266-2278 | 08/14/2014 at 9:11 PM |
| (800) 266-2278 | 03/14/2015 at 4:31 PM |
| (800) 266-2278 | 09/10/2015 at 11:09 AM |
| (800) 266-2278 | 09/10/2015 at 3:11 PM |
| (800) 266-2278 | 10/05/2015 at 12:08 PM |
| (800) 266-2278 | 10/06/2015 at 10:26 AM |
| (800) 266-2278 | 10/08/2015 at 12:13 PM |
| (800) 266-2278 | 10/09/2015 at 8:17 AM |
| (800) 266-2278 | 10/09/2015 at 4:50 PM |
| (800) 266-2278 | 10/10/2015 at 12:08 PM |
| (800) 266-2278 | 10/16/2015 at 8:53 AM |
| (800) 266-2278 | 10/16/2015 at 2:24 PM |
| (800) 266-2278 | 10/28/2015 at 7:15 PM |
| (800) 266-2278 | 11/03/2015 at 12:01 PM |
| (800) 266-2278 | 11/03/2015 at 5:21 PM |

| (800) 266-2278 | 11/05/2015 at 9:39 AM |
|---|---|
| (800) 266-2278 | 11/05/2015 at 2:54 PM |
| (800) 266-2278 | 11/06/2015 at 10:04 AM |
| (800) 266-2278 | 11/06/2015 at 1:44 PM |
| (800) 266-2278 | 11/06/2015 at 4:44 PM |
| (800) 266-2278 | 11/07/2015 at 9:44 AM |
| (800) 266-2278 | 12/07/2015 at 1:31 PM |
| (800) 266-2278 | 12/08/2015 at 10:10 AM |
| (800) 266-2278 | 12/08/2015 at 2:26 PM |
| (800) 266-2278 | 12/09/2015 at 8:29 AM |
| (800) 266-2278 | 12/09/2015 at 1:36 PM |

2.  Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Comcast in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3.  Plaintiff Malik Brown is, and at all times mentioned herein was, a resident of Ontario, California and a citizen of the State of California.

4.  Defendant Comcast Corporation, is a Pennsylvania corporation with its principal place of business at 1701 John F Kennedy Blvd., Philadelphia, Pennsylvania 19103. Defendant is the largest broadcasting and cable company in the world by revenue, and is the largest internet service provider in the United States.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which,

*inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant transacts significant business within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   The Telephone Consumer Protection Act Of 1991**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent

requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## B.   Defendant's Robocalls to Plaintiff and Class Members

12.   Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive autodialed calls or prerecorded messages from Defendant to his cellphone.  Plaintiff has never provided Defendant with his telephone number, and has never sought to be a Comcast customer.

13.   Defendant called Plaintiff's cellphone number using an autodialer and/or a prerecorded voice in violation of the TCPA from the following number: (800) 266-2278.  None of Defendant's calls made to Plaintiff's cellphone were made for emergency purposes.

14.   On some of the calls Defendant made to Plaintiff's cellular phone, Defendant would leave a prerecorded message promoting its services or informing Plaintiff that Defendant would be in the area soon or verifying appointment times.  On at least one occasion, Plaintiff was able to speak to one of Defendant's live representatives and instructed Defendant not to call Plaintiff again and notified Defendant of the unwanted pre-recorded messages.  However, Defendant continued to use an automatic telephone dialing system and/or artificial or prerecorded voice to call Plaintiff's cellular telephone even after being instructed to stop.

15.   All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

16.   There are numerous online consumer complaints from people who never sought Defendant's services, but who, like Plaintiff, were nonetheless bombarded with unsolicited telemarking calls offering installation of Comcast products:

a. "its Comcast calling then hanging up 5 to 8 times a day. Offering nothing but [silence]"[1]

b. "This is a comcast number. It is the number called to customers [to] verify appts for the next day"[2]

c. "I got this call on my cell phone trying to confirm that I had an appointment with them. I pressed the number to first cancel the appointment and then spoke to someone telling them they has the wrong number, as I don't have or want Comcast"[3]

d. "No, it's not a scam. It really IS a recorded message from Comcast saying I should upgrade my cable modem…This recording doesn't ask any info, it just plays the message."[4]

e. "I got a call today to verify appointment, but never set up appointment…I called back and was not able to get a hold of anyone???"[5]

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

---

[1] http://800notes.com/Phone.aspx/1-800-266-2278
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

19. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20. Plaintiff also proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22. Plaintiff also proposes the following Internal Do-Not-Call Class ("DNC Class") definition, subject to amendment as appropriate:

> All persons within the United States (a) whose cellphone number is listed on Defendant's do not call Registry; (b) who received a phone call from Defendant or on Defendant's behalf; (c) after requesting to stop receiving calls from Defendant; and (d) such phone call was placed through the use of an automatic telephone dialing system to such person's cellular telephone; (e) at any time in the period that begins four years before the filing of the original complaint in this action to the date that class notice is disseminated.

23. Collectively, all these persons will be referred to as "DNC Class members." Plaintiff represents, and is a member of, the DNC Class. Excluded from

the DNC Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

25. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

26. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

27. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an autodialer without their prior express written consent;

    b. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    c. Whether Defendant's conduct was knowing and/or willful;

      d. Whether Defendant is liable for damages, and the amount of such damages, and

      e. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. As a person who received numerous and repeated calls on his telephone using an autodialer and/or an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

29. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

30. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

# CAUSES OF ACTION

## FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

32. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

36. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages

for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

41. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

   a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
   b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;
   c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;
   d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;
   e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;
   f. Such other relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 10, 2016

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Yeremey Krivoshey*
     Yeremey Krivoshey

Scott A Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: scott@bursor.com
       ltfisher@bursor.com
       apersinger@bursor.com
       ykrivoshey@bursor.com

*Attorneys for Plaintiff*